IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCISCO TORRES, No. 57045-054, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-777-WDS |
| | ) | |
| UNITED STATES of AMERICA, | ) | CRIMINAL NO. 04-cr-30154-WDS |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has completed a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### BACKGROUND

After a guilty plea, petitioner Francisco Torres was sentenced on May 17, 2006, to 235 months of imprisonment for conspiracy to distribute and possession with the intent to distribute at least 12,000 doses of MDMA (a drug commonly known as "Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Doc. 86, Case No. 04-cr-30514). His sentence was affirmed on appeal. *See United States v. Torres*, 217 F. App'x 540 (7th Cir. 2007), *cert denied*, 552 U.S. 849 (2007).

On October 6, 2008, petitioner filed a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 (Doc. 1, Case No. 08-cv-714-WDS).[1] He alleged that his trial counsel had provided constitutionally ineffective assistance in numerous ways. These included counsel's failure to adequately inform petitioner of the consequences of his guilty plea; failure to introduce evidence to refute sentencing enhancements; failure to seek a negotiated plea agreement; failure to explain what would be used to enhance his sentence; and erroneously informing petitioner that he could not withdraw his guilty plea. The Court denied petitioner's motion on March 29, 2012 (Doc. 14, Case No. 08-cv-714).

Petitioner filed this new § 2255 motion on July 9, 2012 (Doc. 1). In it, he seeks to vacate his sentence, again on the grounds that his trial counsel was constitutionally ineffective. Specifically, he claims that counsel failed to challenge the superseding indictment as untimely and in violation of the Speedy Trial Act, advised him to plead guilty without explaining all his options and possible sentences, and failed to adequately investigate the amount of drugs that would be attributed to petitioner prior to the guilty plea. He asserts that he is entitled to a new one-year limitations period to file the motion, under § 2255(f)(3),[2] based on the recent Supreme Court decisions *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), both decided on March 21, 2012.

---

[1] Petitioner also filed several requests to amend the initial § 2255 motion. Certain amendments relating to his claims of ineffective assistance of counsel were allowed, but his requests to add other unrelated grounds were denied as time-barred for being filed outside the one-year period of limitation (*See* Doc. 14 in Case No. 08-cv-714).

[2] 28 U.S.C. § 2255(f) provides that the one-year limitations period within which a § 2255 motion must be filed "shall run from the latest of" several alternative triggering events. Petitioner's first § 2255 motion was filed pursuant to § 2255(f)(1), within one year of "the date on which the judgment of conviction becomes final." Under § 2255(f)(3), the one-year deadline is triggered by "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

**DISCUSSION**

The first matter that must be resolved is whether petitioner's motion constitutes a "second or successive" motion under 28 U.S.C. § 2255(h). Although district courts have jurisdiction over a prisoner's first § 2255 motion, the ability to pursue a second or successive motion is subject to strict limitations:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, generally district courts lack jurisdiction to hear a second or successive motion under § 2255. *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007). A prisoner gets one collateral attack on the merits per judgment. *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (a motion dismissed without prejudice due to a "curable technical deficiency" does not count as a first motion). Certain exceptions may apply, such as when a prisoner is resentenced and a new judgment is entered. *Dahler*, 259 F.3d at 764 (noting that such a new challenge is limited to an attack on the sentence, not the underlying conviction); *see also Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010).

Here, petitioner's first § 2255 motion, which he was allowed to amend in part, was fully adjudicated on the merits. That motion gave him a full, unencumbered opportunity for collateral review, and therefore any subsequent § 2255 motion must must be certified by a panel of the court of appeals. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (discussing

when a § 2255 motion "counts" as a first motion so as to trigger the application of § 2255(h) to a subsequently filed motion). No exception to the certification requirement is apparent here; petitioner is not attacking a new judgment. Petitioner has not obtained certification by the court of appeals. Therefore, this Court does not have jurisdiction, and petitioner's motion must be dismissed.

### CERTIFICATE OF APPEALABILITY

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when the petitioner is appealing from the dismissal of an unauthorized second or successive motion. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. The Seventh Circuit recently denied permission to file a second or successive § 2255 motion based on *Missouri v. Frye*, saying "Neither *Frye* nor its companion case, *Lafler v. Cooper*, --- U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), directly addressed the old rule/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts." *See Hare v. United States*, --- F.3d ----, 2012 WL 3156329, at *1 (7th Cir. Aug. 6, 2012). A certificate of appealability will **NOT** be issued.

4

## CONCLUSION

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is a second or successive motion that the court of appeals has not granted him leave to file; accordingly, the Court **DISMISSES** it **WITH PREJUDICE** for lack of jurisdiction. The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: <u>August 22, 2012</u>**

                                            **/s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**